**Daniel ANDERSEN; et al.,
Plaintiffs—Appellants,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

**No. 02–56504.**

**D.C. No. CV–01–08427–CAS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2003.

Decided Aug. 28, 2003.

William A. Cohan, San Diego, CA, for Plaintiffs–Appellants.

Sandra R. Brown, Los Angeles, CA, Jonathan S. Cohen, Esq., Frank P. Cihlar, Attorney, Gretchen M. Wolfinger, Esq., Washington, DC, for Defendant–Appellee.

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants Daniel Andersen, et al. appeal the district court's order dismissing their claim for an injunction and the district court's separate order granting Defendants–Appellees' motion for summary judgment and denying Appellants' motion for summary judgment.

1. We lack jurisdiction over Appellants' appeal from the district court's dismissal of their claim for injunctive relief. We previously held that Appellants' request for an injunction is essentially a motion for return of property under Federal Rule of Criminal Procedure 41(e),[1] over which this court lacks jurisdiction. *See Andersen v. United States,* 298 F.3d 804, 810 (9th Cir. 2002). Because the circumstances governing Appellants' appeal at that time and now are virtually identical, the law of the case doctrine bars review of their appeal.

2. The fact that Appellees obtained the warrants at issue through an ex parte/in camera procedure does not violate Appellants' constitutional rights. *See Times Mirror Co. v. United States,* 873 F.2d 1210, 1213–14 (9th Cir.1989).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Fed.R.Crim.P. 41 has been reorganized, and Rule 41(e) now appears at subsection (g). *See* Fed.R.Crim.P. 41(g) (2003 ed.).

3. Appellees' seizure of materials protected by the First Amendment does not violate Appellants' constitutional rights. Seizure of such materials is permissible when law enforcement officials are engaged in a good-faith investigation of criminal activity. *See United States v. Rubio*, 727 F.2d 786, 791 (9th Cir.1983).

4. Appellee Agent Lurvey is entitled to qualified immunity on Andersen's excessive force claim. At the time of this incident, the law in this circuit was unclear as to whether pointing a gun at a suspect during an investigation constituted excessive force. *See Robinson v. Solano County*, 278 F.3d 1007, 1015–16 (9th Cir.2002).

5. Appellees Agent Lurvey and Agent Phillips are entitled to qualified immunity on Appellants' claims that the agents unreasonably seized anti-tax literature during execution of the search warrants. Lurvey and Phillips could reasonably have believed that the anti-tax literature seized was included within the scope of the warrant. *See United States v. Leon*, 468 U.S. 897, 922–23, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984).

6. Appellees' warrantless seizure of valuables from a safe in LaMantia's residence for safekeeping did not violate his constitutional rights. Law enforcement officers are entitled to seize and inventory valuables encountered in the course of a search if the circumstances dictate the need to do so. *See United States v. Lacey*, 530 F.2d 821, 823 (8th Cir.1976).

DISMISSED IN PART, AFFIRMED IN PART.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.